UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RAYMOND BROWN,

        Plaintiff,        Case No. 1:07-cv-1093

v.        Honorable Wendell A. Miles

BLAINE LAFLER et al.,

        **ORDER OF TRANSFER**

        Defendants.

_____/

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff presently is incarcerated at the St. Louis Correctional Facility, though the actions he complains of occurred while he was housed at the Mid-Michigan Correctional Facility (STF). Plaintiff sues following STF officials: Warden Raymond Brown; Deputy Warden (unknown) Meager; Assistant Deputy Warden (unknown) Olson; Medical Manager S. Teed; Nurses Rosalie K. Petty, Beth A. Davis, Maria E. Orth, Mary Grahek, and Rebekah S. Somerville; as well as the unnamed Physical Plant Supervisor and Yard Crew Supervisor for the facility. In his *pro se* complaint, Plaintiff alleges that that Defendants failed to clear the ice from prison walkways, causing him to fall and break his leg, and thereafter failed to provide him with timely and appropriate medical care. The events giving rise to Plaintiff's action occurred at the Mid-Michigan Correctional Facility in St. Louis, Michigan, which is located in Gratiot County. Gratiot County is within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a).

        Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise

to the claim occurred.  28 U.S.C. § 1391(b).   Defendants are public officials serving in Gratiot County, and they "reside" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).  Plaintiff's allegations against these Defendants arose in Gratiot County, where Defendants allegedly committed the acts giving rise to this case. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979).  In these circumstances, venue is proper only in the Eastern District.  Therefore:

IT IS ORDERED that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a).

IT IS SO ORDERED.


Dated:  November 13, 2007           /s/ Hugh W. Brenneman, Jr.
                                    HUGH W. BRENNEMAN, JR.
                                    United States Magistrate Judge